# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2021

Lyle W. Cayce
Clerk

No. 20-60254

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEMETRIUS S. RANKIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-715
USDC No. 1:06-CR-41-1

Before JONES, COSTA, and WILSON, *Circuit Judges*.

PER CURIAM:*

Demetrius S. Rankin, federal prisoner # 03266-043, moves for a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2255 motion challenging the revocation of his supervised release and the sentence imposed upon revocation. Rankin asserts that (1) the Government engaged

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60254

in prosecutorial misconduct at the revocation proceeding; (2) the evidence was insufficient to prove that he knowingly possessed a controlled substance; (3) the revocation sentence violated due process because his revocation was based on insufficient evidence; (4) the district court improperly admitted hearsay testimony at the revocation proceeding, which violated his rights under the Confrontation Clause; and (5) trial and appellate counsel rendered ineffective assistance.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "A [movant] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If a district court has rejected the claims on their merits, like here, the § 2255 movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *see also Miller-El*, 537 U.S. at 338. Rankin has not made the requisite showing.

Accordingly, his COA motion is DENIED. In addition, because Rankin fails to make the required showing for a COA on his constitutional claims, we do not consider his assertion that the district court erred by denying his request for an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *petition for cert. filed* (U.S. Mar. 18, 2021) (No. 20-7553). Rankin's motions for leave to proceed in forma pauperis on appeal and to relinquish jurisdiction are also DENIED.

2